IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief October 19, 2004

## IN THE MATTER OF: T.L.M., T.L.J., And T.J.B., Jr.

**Direct Appeal from the Juvenile Court for Madison County**
**No. 37-33, 048      Christy R. Little, Judge**

_____

**No. W2004-00234-COA-R3-PT - Filed November 19, 2004**

_____

The trial court terminated the parental rights of the Mother and alleged Fathers of two children under the age of 18.  Mother appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Lanis L. Karnes, Jackson, Tennessee, for the appellant.

Paul G. Summers, Attorney General and Reporter, Joe Shirley, Assistant Attorney General for the appellee, State of Tennessee Department of Children's Services.

Julia C. Grinalds, Jackson, Tennessee, for the Department of Children's Services.

Sherry M. Perceival, Guardian ad Litem.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Tennessee Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is a termination of parental rights case. M.E.M. ("Mother") has seven children and has been incarcerated on several occasions. At the time of the trial of this matter, Mother was incarcerated, having violated probation after pleading guilty to fourteen counts of forgery. At the time of trial, Mother's children ranged in age from fourteen months to sixteen years. T.J.B. was born while Mother was incarcerated in 2001, and has been in the custody of the Department of Children's Services ("DCS") since birth. Mother tested positive for marijuana and cocaine while she was pregnant with T.J.B. Three of Mother's children were in the legal custody of relatives at the time of trial. The remaining children were in DCS custody. In December 2003, the Juvenile Court of Madison County terminated the parental rights of M.E.M. ("Mother) and alleged Fathers to T.L.J., born November 1992, and T.J.B., born August 2001 (collectively, "the children").[2] Mother appeals.[3]

## *Issues Presented*

Mother presents the following issues, as we re-state them, for review by this Court:

(1)     Whether the trial court's finding of grounds for terminating Mother's parental rights is supported by clear and convincing evidence;

(2)     Whether Tennessee Code Annotated § 36-1-113(g)(6) provides grounds for termination of parental rights where the parent is incarcerated under consecutive sentences totaling ten years;

(3)     Whether a drug test administered to Mother after the birth of T.J.B. in prison constitutes an impermissible search such that the subsequent termination of Mother's parental rights is invalid;

(4)     Whether the trial court erred in determining termination of Mother's parental rights is in the best interest of the children.

## *Standard of Review*

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's findings of fact, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). However, no presumption of correctness attaches to a trial court's conclusions on issues of law. *Bowden v. Ward*, 275 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d).

---

[2] The trial court held the matter of T.L.M. in abeyance.

[3] The Fathers have not appealed the judgment of the trial court.

Tennessee Code Annotated § 36-1-113 governs the termination of parental rights. The code provides, in pertinent part:

> (c) Termination of parental or guardianship rights must be based upon:
> (1) A finding by the court by clear and convincing evidence that the grounds for termination or parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Tenn. Code Ann. § 36-1-113(c)(2001). This section also provides the grounds on which parental rights may be terminated. The existence of any statutory basis for termination of parental rights will support the trial court's decision to terminate those rights. *In re C.W.W., N.W.W., Z.W.W., & A.L.W.*, 37 S.W.3d 467, 473 (Tenn. Ct. App. 2000).

A court's determination to terminate parental rights must be supported by clear and convincing evidence. *Id.* at 474. The "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard, although it does not demand the certainty required by the "beyond a reasonable doubt" standard. *Id.* To be clear and convincing, the evidence must eliminate any substantial doubt and produce in the fact-finder's mind a firm conviction as to the truth. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *See Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999).

*Analysis*

We first turn to whether clear and convincing evidence supports the trial court's finding of grounds to terminate Mother's parental rights. The Tennessee Code provides the following grounds on which parental rights may be terminated:

> (1) Abandonment by the parent or guardian, as defined in § 36-1-102, has occurred;
> (2) There has been substantial noncompliance by the parent or guardian with the statement of responsibilities in a permanency plan or a plan of care pursuant to the provisions of title 37, chapter 2, part 4;
> (3)(A) The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:
> (i) The conditions which led to the child's removal or other conditions which in all reasonable probability would cause the child to be subjected to further abuse or neglect and which, therefore, prevent the child's safe return to the care of the parent(s) or guardian(s), still persist;
> (ii) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) or guardian(s) in the near future; and

(iii) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home.

(4) The parent or guardian has been found to have committed severe child abuse as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against the child who is the subject of the petition or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian;

(5) The parent or guardian has been sentenced to more than two (2) years' imprisonment for conduct against the child who is the subject of the petition, or for conduct against any sibling or half-sibling of the child or any other child residing temporarily or permanently in the home of such parent or guardian, which has been found under any prior order of a court or which is found by the court hearing the petition to be severe child abuse, as defined in § 37-1-102(b)(21). Unless otherwise stated, for purposes of this subdivision, "sentenced" shall not be construed to mean that the parent or guardian must have actually served more than two (2) years in confinement, but shall only be construed to mean that the court had imposed a sentence of two (2) or more years upon the parent or guardian;

(6) The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court.

(7) The parent has been convicted of or found civilly liable for the intentional and wrongful death of the child's other parent or legal guardian.

Tenn. Code Ann. § 36-1-113(g)(1)-(7)(Supp. 2004). In this case, the trial court terminated Mother's parental rights pursuant to sections 36-1-113(g)(3)(A).

Having reviewed the entire record, we find clear and convincing evidence supports the termination of Mother's parental rights under section 36-1-113(3)(A). It is not disputed that these children have been in DCS custody for well over six months, that Mother has been in and out of jail for a number of years, and that at the time of trial she was incarcerated after having violated parole on at least three different occasions. The trial court conducted several hearings between October 2001 and the termination hearing of 2003 and determined that Mother continues to abuse illegal drugs and has failed to provide even basic housing and sustenance needs.[4] She has failed to complete parenting classes and or to follow permanency plans. Romona Tharpe (Ms. Tharpe), an investigator with the Child Protective Services ("CPA") of DCS, testified to a number of referrals to CPS. According to the testimony of Ms. Tharpe, Mother's children were left unattended,

---

[4]We note that at the October 2001 hearing regarding the temporary removal of the children to DCS custody, Mother waived her rights to a probable cause hearing, stating that there was probable cause that the children were dependent and neglected, that they did not have housing, and that Mother was unable to meet even basic needs.

neglected, truant, and suffered abuse from Mother and one another. The record clearly evidences a history of neglect, and we agree with the trial court that these conditions are unlikely to be remedied in the near future, particularly in light of Mother's numerous parole violations and history of drug abuse. We also agree that the continuation of the parent-child relationship diminishes the children's chances of early integration into safe, stable, and permanent homes. Because the finding of any one statutory ground is sufficient to establish grounds supporting the termination of parental rights, we find it unnecessary to address whether additional grounds exist in this case. Additionally, we agree with the trial court that termination of Mother's parental rights is in the best interests of the children in this case.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE